1 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2   Including Professional Corporations
  JILL M. PIETRINI, Cal. Bar No. 138335
3 jpietrini@sheppardmullin.com
  PAUL A. BOST, Cal. Bar No. 261531
4 pbost@sheppardmullin.com
  1901 Avenue of the Stars, Suite 1600
5 Los Angeles, California 90067-6055
  Telephone:  310.228.3700
6 Facsimile:  310.228.3701

7 CHRIS PONDER (Cal. Bar No. 296546)
  cponder@sheppardmullin.com
8 379 Lytton Avenue
  Palo Alto, California 94301
9 Telephone:  650.815.2676
  Facsimile:  650.815.2601

10

  Attorneys for Plaintiff
11 WARGAMING.NET LIMITED

12 EMANUEL LAW FIRM
  SACHA V. EMANUEL (Cal. Bar No. 218705)
13 semanuel@emanuel.law
  1100 Glendon Avenue, 15th Floor
14 Los Angeles, California 90024
  Telephone:  (310) 881-6814
15 Facsimile:      (310) 881-6801

16 Attorneys for Defendant
  PRESS FIRE GAMES LLC

17

18           UNITED STATES DISTRICT COURT

19   CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

20

| | |
|---|---|
| 21  WARGAMING.NET LIMITED, a Cyprus limited company, | Case No. 2:20-cv-2763-CJC-MRW |
| 22          Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 23      v. | **(MRW VERSION 4/19)** |
| 24  BLITZTEAM LLC, a Belarus limited company; and DOES 1-10, inclusive, | ☐ **Check if submitted without material modifications to MRW form** |
| 26          Defendants. | Judge:  Hon. Cormac J. Carney
Complaint Filed:  March 25, 2020
First Amended Complaint Filed: August 20. 2020 |

-1-

1   **1.      INTRODUCTION**

2          1.1.   PURPOSES AND LIMITATIONS

3          Discovery in this action is likely to involve production of confidential,

4   proprietary, or private information for which special protection from public

5   disclosure and from use for any purpose other than prosecuting this litigation may

6   be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

7   enter the following Stipulated Protective Order.  The parties acknowledge that this

8   Order does not confer blanket protections on all disclosures or responses to

9   discovery and that the protection it affords from public disclosure and use extends

10  only to the limited information or items that are entitled to confidential treatment

11  under the applicable legal principles.  The parties further acknowledge, as set forth

12  in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

13  file confidential information under seal; Civil Local Rule 79-5 sets forth the

14  procedures that must be followed and the standards that will be applied when a party

15  seeks permission from the court to file material under seal.

16         1.2.   GOOD CAUSE STATEMENT

17         This action between two businesses in the mobile gaming industry is likely to

18  involve valuable commercial, financial, and proprietary information for which

19  special protection from public disclosure and from use for any purpose other than

20  prosecution of this action is warranted.  Such confidential and proprietary materials

21  and information consist of, among other things, confidential business or financial

22  information, employment records, source code, information regarding confidential

23  business practices, or other confidential research, development, or commercial

24  information (including information implicating privacy rights of third parties),

25  information otherwise generally unavailable to the public, or which may be

26  privileged or otherwise protected from disclosure under state or federal statutes,

27  court rules, case decisions, or common law.  Accordingly, to expedite the flow of

28  information, to facilitate the prompt resolution of disputes over confidentiality of

1 discovery materials, to adequately protect information the parties are entitled to keep
2 confidential, to ensure that the parties are permitted reasonable necessary uses of
3 such material in connection with this action, to address their handling at the end of
4 the litigation, and to serve the ends of justice, a protective order for such information
5 is justified in this matter.  It is the intent of the parties that information/documents
6 will not be designated as confidential for tactical reasons and that nothing be so
7 designated without a good faith belief that such information/documents have been
8 maintained in a confidential, non-public manner, and there is good cause why it
9 should not be part of the public record of this case.

10 **2.     DEFINITIONS**

11      2.1.    Action:  this pending federal law suit, Wargaming.net Limited v.
12 BlitzTeam LLC, Case No. Case No. 2:20-cv-2763-CJC-MRW.

13      2.2.    Challenging Party:  a Party or Non-Party that challenges the
14 designation of information or items under this Order.

15      2.3.    "CONFIDENTIAL" Information or Items:  information (regardless of
16 how it is generated, stored or maintained) or tangible things that qualify for
17 protection under Federal Rule of Civil Procedure 26(c), and as specified above in
18 the Good Cause Statement.

19      2.4.    "ATTORNEYS' EYES ONLY" Information or Items:  information
20 (regardless of how it is generated, stored or maintained) or tangible things which
21 have not been made public by the disclosing party and qualify for protection under
22 Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause
23 Statement, and which the disclosing party reasonably and in good faith believes is so
24 highly sensitive that disclosure of such highly confidential material could result in
25 significant competitive or commercial disadvantage or would create a risk of serious
26 injury to the disclosing party that could not be avoided by less restrictive means.
27 Such information includes, but is not limited to, source code, employment records,
28 and financial information.

2.5.   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6.   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.7.   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9.   House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.  Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.  Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12.  Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14.  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

1  demonstrations, and organizing, storing, or retrieving data in any form or medium)

2  and their employees and subcontractors.

3      2.15.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is

4  designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5      2.16.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

6  Material from a Producing Party.

7  **3.     SCOPE**

8      The protections conferred by this Stipulation and Order cover not only

9  Protected Material (as defined above), but also (1) any information copied or

10  extracted from Protected Material; (2) all copies, excerpts, summaries, or

11  compilations of Protected Material; and (3) any testimony, conversations, or

12  presentations by Parties or their Counsel that might reveal Protected Material.

13      Any use of Protected Material at trial will be governed by the orders of the

14  trial judge.  This Order does not govern the use of Protected Material at trial.

15  **4.     DURATION**

16       Even after final disposition of this litigation, the confidentiality obligations

17  imposed by this Order will remain in effect until a Designating Party agrees

18  otherwise in writing or a court order otherwise directs.  Final disposition will be

19  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

20  or without prejudice; and (2) final judgment herein after the completion and

21  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

22  including the time limits for filing any motions or applications for extension of time

23  pursuant to applicable law.

24  **5.     DESIGNATING PROTECTED MATERIAL**

25      5.1.  <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

26  Each Party or Non-Party that designates information or items for protection under

27  this Order must take care to limit any such designation to specific material that

28  qualifies under the appropriate standards.  The Designating Party must designate for

protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated

1   which documents it would like copied and produced.  During the inspection and

2   before the designation, all of the material made available for inspection will be

3   deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

4   the documents it wants copied and produced, the Producing Party must determine

5   which documents, or portions thereof, qualify for protection under this Order.  Then,

6   before producing the specified documents, the Producing Party must affix a

7   CONFIDENTIAL legend to each page that contains Protected Material.  If only a

8   portion or portions of the material on a page qualifies for protection, the Producing

9   Party also must clearly identify the protected portion(s) (e.g., by making appropriate

10   markings in the margins).

11                  (b)      for testimony given in depositions that the Designating Party

12   identify the Disclosure or Discovery Material:  (i) on the record, before the close of

13   the deposition; and/or (ii) after the conclusion of the deposition, within fourteen (14)

14   days of receipt of the final deposition transcript, by written notice to counsel of

15   record for any signatory.  The entirety of any deposition transcript (preliminary or

16   final) shall be treated as though designated "ATTORNEYS' EYES ONLY" from

17   the time such transcript is received until the time for designation set forth herein

18   passes, unless the Designating Party has earlier indicated a different designation.

19   The front page of any deposition transcript containing Protected Material shall be

20   marked by the court reporter as follows:  either "CONTAINS CONFIDENTIAL

21   INFORMATION" and/or "CONTAINS ATTORNEYS' EYES ONLY

22   INFORMATION" as applicable.  For depositions containing some Protected

23   Material and some non-Protected Material, a separate confidential transcript marked

24   "Confidential Information Governed by Protective Order," apart from the usual

25   transcript, shall be prepared by the court reporter.  The Designating Party shall have

26   the right to have all persons except the deponent and her counsel, the court reporter,

27   and such other persons as are permitted under Paragraphs 7.2 and 7.3 below,

28   excluded from a deposition, or any portion thereof, as appropriate, before the taking

therein of the testimony that the Designating Party designates as Protected Material under this Agreement..

    (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

   5.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

   6.1. <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

   6.2. <u>Meet and Confer</u>.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

   6.3. The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is

1    entitled under the Producing Party's designation until the Court rules on the

2    challenge.

3    **7.**      **ACCESS TO AND USE OF PROTECTED MATERIAL**

4          7.1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

5    disclosed or produced by another Party or by a Non-Party in connection with this

6    Action only for prosecuting, defending, or attempting to settle this Action.  Such

7    Protected Material may be disclosed only to the categories of persons and under the

8    conditions described in this Order.  When the Action has been terminated, a

9    Receiving Party must comply with the provisions of section 13 below (FINAL

10   DISPOSITION).

11         Protected Material must be stored and maintained by a Receiving Party at a

12   location and in a secure manner that ensures that access is limited to the persons

13   authorized under this Order.

14         7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

15   otherwise ordered by the court or permitted in writing by the Designating Party, a

16   Receiving Party may disclose any information or item designated

17   "CONFIDENTIAL" only to:

18             (a)     the Receiving Party's Outside Counsel of Record in this Action,

19   as well as employees of said Outside Counsel of Record to whom it is reasonably

20   necessary to disclose the information for this Action;

21             (b)     the officers, directors, and employees (including House Counsel)

22   of the Receiving Party to whom disclosure is reasonably necessary for this Action;

23             (c)     Experts (as defined in this Order) of the Receiving Party to

24   whom disclosure is reasonably necessary for this Action and who have signed the

25   "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who are timely

26   disclosed pursuant to Paragraph 7.4 below;

27             (d)     the Court and its personnel;

28             (e)     court reporters and their staff;

1   (f)   professional jury or trial consultants, mock jurors, and

2   Professional Vendors to whom disclosure is reasonably necessary for this Action

3   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

4   A);

5   (g)   the author or recipient of a document containing the information

6   or a custodian or other person who otherwise possessed or knew the information;

7   (h)   during their depositions, witnesses ,and attorneys for witnesses,

8   in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

9   party requests that the witness sign the form attached as Exhibit A hereto; and (2)

10   they will not be permitted to keep any confidential information unless they sign the

11   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

12   agreed by the Designating Party or ordered by the court.  Pages of transcribed

13   deposition testimony or exhibits to depositions that reveal Protected Material may

14   be separately bound by the court reporter and may not be disclosed to anyone except

15   as permitted under this Stipulated Protective Order; and

16   (i)   any mediator or settlement officer, and their supporting

17   personnel, mutually agreed upon by any of the parties engaged in settlement

18   discussions.

19   7.3.   Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.

20   Unless otherwise ordered by the court or permitted in writing by the Designating

21   Party, a Receiving Party may disclose any information or item designated

22   "ATTORNEYS' EYES ONLY" only to:

23   (a)   the Receiving Party's Outside Counsel of Record in this Action,

24   as well as employees of said Outside Counsel of Record to whom it is reasonably

25   necessary to disclose the information for this Action;

26   (b)   Experts (as defined in this Order) of the Receiving Party to

27   whom disclosure is reasonably necessary for this Action and who have signed the

28

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who are timely

2  disclosed pursuant to Paragraph 7.4 below;

3             (c)    the Court and its personnel;

4             (d)    court reporters and their staff;

5             (e)    professional jury or trial consultants, mock jurors, and

6  Professional Vendors to whom disclosure is reasonably necessary for this Action

7  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

8  A);

9             (f)    the author or recipient of a document containing the information

10 or a custodian or other person who otherwise possessed or knew the information;

11 and

12            (g)    any mediator or settlement officer, and their supporting

13 personnel, mutually agreed upon by any of the parties engaged in settlement

14 discussions.

15            7.4. <u>Disclosure of Protected Material to Experts</u>.  Written notice of intention

16 to disclose Protected Material to an Expert pursuant to Paragraphs 7.2(c) and 7.3(b)

17 shall be provided by email seven calendar days before the intended disclosure and

18 shall specify the identity of the individual(s) to whom the intended disclosure will

19 be made, and that person's resumé or curriculum vitae.  If there is a written

20 objection within the seven-day period and the objection is not resolved between

21 counsel, the party seeking disclosure shall not disclose the information or

22 documents, but shall have the right to bring the dispute before the Court for

23 resolution.  The Parties shall not unreasonably object to the disclosure of

24 information and documents to an Expert pursuant to Paragraphs 7.2(c) and 7.3(b).

25 The party objecting to the disclosure shall have the burden of showing why the

26 information or documents should not be disclosed to the Expert pursuant to

27 Paragraphs 7.2(c) and 7.3(b).  The parties further agree that an Expert whose

28 identity is disclosed pursuant to this paragraph cannot be deposed regarding any

1   subject related to this litigation, unless the Expert has been designated as a testifying

2   expert by the retaining party, and then in a manner consistent with the Federal Rules

3   of Civil Procedure governing expert discovery.

4   **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED**

5   **         PRODUCED IN OTHER LITIGATION**

6          If a Party is served with a subpoena or a court order issued in other litigation

7   that compels disclosure of any information or items designated in this Action as

8   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

9          (a)     promptly notify in writing the Designating Party.  Such

10  notification will include a copy of the subpoena or court order;

11         (b)     promptly notify in writing the party who caused the subpoena or

12  order to issue in the other litigation that some or all of the material covered by the

13  subpoena or order is subject to this Protective Order.  Such notification will include

14  a copy of this Stipulated Protective Order; and

15         (c)     cooperate with respect to all reasonable procedures sought to be

16  pursued by the Designating Party whose Protected Material may be affected.

17         If the Designating Party timely seeks a protective order, the Party served with

18  the subpoena or court order will not produce any information designated in this

19  action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a

20  determination by the court from which the subpoena or order issued, unless the

21  Party has obtained the Designating Party's permission.  The Designating Party will

22  bear the burden and expense of seeking protection in that court of its confidential

23  material and nothing in these provisions should be construed as authorizing or

24  encouraging a Receiving Party in this Action to disobey a lawful directive from

25  another court.

26  / / /

27

28  / / /

-12-

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party, if requested.

(c)      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

-13-

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.   MISCELLANEOUS**

12.1.  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

-14-

1    Stipulated Protective Order.  Similarly, no Party waives any right to object on any

2    ground to use in evidence of any of the material covered by this Protective Order.

3         12.3.  Filing Protected Material.  A Party that seeks to file under seal any

4    Protected Material must comply with Civil Local Rule 79-5.  Protected Material

5    may only be filed under seal pursuant to a court order authorizing the sealing of the

6    specific Protected Material at issue.  If a Party's request to file Protected Material

7    under seal is denied by the court, then the Receiving Party may file the information

8    in the public record unless otherwise instructed by the court.

9    **13.    FINAL DISPOSITION**

10        After the final disposition of this Action, as defined in paragraph 4, within 60

11   days of a written request by the Designating Party, each Receiving Party must return

12   all Protected Material to the Producing Party or destroy such material.  As used in

13   this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

14   summaries, and any other format reproducing or capturing any of the Protected

15   Material.  Whether the Protected Material is returned or destroyed, the Receiving

16   Party must submit a written certification to the Producing Party (and, if not the same

17   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

18   (by category, where appropriate) all the Protected Material that was returned or

19   destroyed and (2) affirms that the Receiving Party has not retained any copies,

20   abstracts, compilations, summaries or any other format reproducing or capturing any

21   of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

22   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

23   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

24   reports, attorney work product, and consultant and expert work product, even if such

25   materials contain Protected Material.  Any such archival copies that contain or

26   constitute Protected Material remain subject to this Protective Order as set forth in

27   Section 4 (DURATION).

28

1    14.    Any willful violation of this Order may be punished by civil or criminal

2  contempt proceedings, financial or evidentiary sanctions, reference to disciplinary

3  authorities, or other appropriate action at the discretion of the Court.

4

5  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

6

7
                                          SHEPPARD MULLIN RICHTER & HAMPTON LLP
8

9
       Dated:  November 11, 2020          By: /s/Paul A. Bost
10                                              Jill M. Pietrini
                                                Chris Ponder
11                                              Paul A. Bost

12                                              Attorneys for Plaintiff
                                                WARGAMING.NET LIMITED
13

14

15
                                          EMANUEL LAW FIRM
16

17
       Dated:  November 11, 2020          By: /s/Sacha V. Emanuel
18                                              Sacha V. Emanuel

19                                              Attorneys for Defendant
                                                PRESS FIRE GAMES LLC
20

21

22

23  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

24

25  DATED:  11/12/2020          _____
                                          HON. MICHAEL R. WILNER
26                                        United States Magistrate Judge

27

28

-16-

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Wargaming.net Limited v. BlitzTeam LLC*, Case No. 2:20-cv-2763-CJC-MRW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

SMRH:4821-6864-9678.2

-1-